# EXHIBIT 1

PROPOSED SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement is entered into as of May 21, 2015, by and between Plaintiffs,[1] in their individual capacities and on behalf of the putative Settlement Class, and the Colgate-Palmolive Company ("Defendant"), and is subject to the approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure, of the Court.

## **RECITALS**

1.      WHEREAS, Colgate has manufactured, marketed, promoted and/or sold liquid soap products containing the antibacterial ingredient triclosan using certain Labeling and Marketing claims.

2.      WHEREAS, Tracy Nieblas filed a putative class action in Orange County Superior court on February 4, 2011, which Colgate removed to the United States District Court for the Central District of California on March 17, 2011, alleging Colgate misleadingly marketed the Product, and the lawsuit was titled *Nieblas v. Colgate-Palmolive Company et al*, No. 11-cv-00438-JLS-FFM (C.D. Cal.).

3.      WHEREAS, Shari Elstein filed a putative class action in United States District Court for the Southern District of Florida on October 19, 2011, alleging Colgate misleadingly marketed the Product, and the lawsuit was titled *Elstein v. Colgate-Palmolive Company*, No. 11-cv-81165-CMA (S.D. Fl.).

4.      WHEREAS, Kristina Pearson filed a putative class action in United States District Court for the Northern District of Illinois on August 31, 2011, alleging Colgate misleadingly marketed the Product, and the lawsuit was titled *Pearson v. Colgate-Palmolive Company*, No. 11-cv-06086 (N.D. Ill.).

---

[1]   Capitalized terms shall have the meaning ascribed to them in the Definitions Section I below.

5. WHEREAS, Adam Emery filed a putative class action in United States District Court for the Southern District of Illinois on August 31, 2011, alleging Colgate misleadingly marketed the Product, and the lawsuit was titled *Emery v. Colgate-Palmolive Company*, No. 11-cv-00797-GPM-SCW (N.D. Ill.).

6. WHEREAS, Jeff Dyke filed a putative class action in United States District Court for the District of Nevada on October 28, 2011, alleging Colgate misleadingly marketed the Product, and the lawsuit was titled *Dyke v. Colgate-Palmolive Company*, No. 11-cv-01750-KJD-VCF (D. Nev.).

7. WHEREAS, on March 7, 2012, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the California, Florida, Illinois, and Nevada Action ("the Action") to the United States District Court for the District of New Hampshire, *In re Colgate-Palmolive Softsoap Antibacterial Hand Soap Marketing & Sales Practices Litigation*, Case No. 1:12-md-02320-PB (the "MDL").

8. WHEREAS, on June 26, 2012, Plaintiffs filed a Consolidated Amended Class Action Complaint; on June 20, 2013, Plaintiffs filed a Second Consolidated Amended Class Action Complaint; on April 28, 2015, Plaintiffs filed a Third Consolidated Amended Class Action Complaint; and on May 19, 2015, Plaintiffs filed a Fourth Consolidated Amended Class Action Complaint.

9. WHEREAS, Valerie Donohue, Angela Johnson, Irene Porter, and Jeffrey Rosen, who also initially purported to act as Class Representatives, filed notices of withdrawal as named plaintiffs without prejudice to their statuses as members of any class to be certified.

10. WHEREAS, Class Counsel and counsel for Defendant, following preliminary correspondence and discussions over telephone and email, engaged in mediation with retired

federal judge The Honorable James M. Rosenbaum, and conducted in-person settlement meetings among counsel in Las Vegas in 2013 and Chicago in 2014.  As a result of those negotiations, Defendant and Plaintiffs, in their individual capacities and as Class Representatives, Class Counsel, and counsel for Defendant, have agreed to settle this Action pursuant to the provisions of this Settlement Agreement after considering such factors as: (a) the substantial benefits to the Settlement Class under the terms of this Settlement Agreement; (b) the attendant costs, risks, and uncertainty of litigation, including trial and potential appeals; (c) the distraction and diversion of personnel and resources as a result of continuing litigation; and (d) the desirability of consummating this Settlement Agreement promptly.

11.     WHEREAS, the Parties and their counsel negotiated attorneys' fees and costs provided for in Section IX below after reaching agreement regarding all material terms of the Settlement, including the Injunctive Relief provisions of Section V below.

12.     WHEREAS, Defendant has denied and continues to deny each and every allegation asserted by Plaintiffs in the Action and in the Fourth Consolidated Class Action Complaint, does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged herein, and has denied that the Action satisfies the requirements to be tried as a class action under Federal Rule of Civil Procedure 23.

13.     WHEREAS, this Settlement Agreement is a product of sustained, arm's-length settlement negotiations and the Parties believe that this Settlement Agreement is fair, reasonable, and adequate because, among other things:  (1) it provides for certification of a Settlement Class; and (2) it provides substantial Injunctive Relief to the Settlement Class in exchange for Settlement Class Members' Release of certain Claims.

14.     WHEREAS, the Parties intend to seek Court approval of this Settlement Agreement as set forth below.

15.     The signatories to this Settlement Agreement agree that the recitals set forth herein are contractual in nature and form a material part of this Settlement Agreement.

**TERMS AND CONDITIONS**

NOW, THEREFORE, in consideration of the foregoing recitals, without (a) any admission or concession on the part of Plaintiffs of the lack of merit of the Action or the Claims asserted in the Fourth Consolidated Class Action Complaint, or (b) any admission or concession of fault, wrongdoing, or liability  or the lack of merit of any defense whatsoever by Defendant, it is hereby stipulated and agreed by the undersigned, on behalf of Plaintiffs, the Settlement Class, Class Counsel, Defendant, and counsel for Defendant, that the Action and all Claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice as to Defendant, subject to Court approval as required by Federal Rule of Civil Procedure 23, on the terms and conditions set forth herein:

## I.     **DEFINITIONS**

16.     When used in this Settlement Agreement, unless otherwise specifically indicated, the following terms shall have the meanings set forth below:

a.     "Action" means the claims asserted in The Fourth Consolidated Class Action Complaint.

b.     "California Action" means *Nieblas v. Colgate-Palmolive Company et al*, No. 11-cv-00438-JLS-FFM (C.D. Cal.).

c.     "Claim" and "Claims" mean all claims, demands, Action, suits, causes of action, allegations of wrongdoing and liabilities asserted by Plaintiffs, or that could have been

asserted by Plaintiffs, individually and as Class Representatives, in the Fourth Consolidated

Class Action Complaint.

                    d.     "Class Counsel" shall mean, collectively, interim lead counsel and the

Plaintiffs' Executive Committee, listed here:

Lucy J. Karl
NH Bar No. 5547
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, New Hampshire 03302
Telephone: (603) 225-7262
Facsimile: (603) 225-5112
lkarl@shaheengordon.com

Richard J. Arsenault
Douglas E. Rushton
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court, P.O. Box 1190
Alexandria, Louisiana 71309
Telephone: (800) 256-1050
Facsimile: (318)561-2591
rarsenault@nbalawfirm.com

Adam J. Levitt
Edmund S. Aronowitz
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone:  (312) 214-0000
Facsimile:  (312) 214-0001
alevitt@gelaw.com
earonowitz@gelaw.com

John R. Climaco
John A. Peca
CLIMACO, WILCOX, PECA,
TARANTINO & GAROFOLI
CO., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
jrclim@climacolaw.com

Charles E. Schaffer
Brian F. Fox
LEVIN, FISHBEIN, SEDRAN
& BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Eric D. Holland
R. Seth Crompton
HOLLAND LAW FIRM, LLC
300 North Tucker Boulevard, Ste. 801
St. Louis, Missouri 63101
Telephone: (314) 241-8111
Facsimile: (314) 241-5554
eholland@allfela.com

  e. "Class Representative" means one or more of the Plaintiffs, as individual

claimant(s) who seek(s) to represent the Settlement Class for purposes of this Settlement

Agreement.

  f. "Class Settlement Website" means the Internet website to be established

by the Notice Administrator, as part of the Notice Plan as set forth in Section IV, below.

  g. "Colgate" means the Colgate-Palmolive Company.

  h. "Court" or "District of New Hampshire" means the United States District

Court for the District of New Hampshire, where this Action is pending.

  i. "Days," unless specified as "business days," means all calendar days,

including Saturdays, Sundays, and legal holidays, but if the last day of a period is a Saturday,

Sunday, or legal holiday, the period continues to run until the end of the next day that is not a

Saturday, Sunday, or legal holiday.

j.      "Effective Date" means the date on which all appellate rights with respect to the Final Approval Order and Judgment have expired or have been exhausted in such a manner as to affirm the Final Approval Order and Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

k.      "Final Approval Hearing Date" means the hearing date set by the Court for the final approval of the Settlement Agreement.

l.      "Final Approval Order and Judgment" or "Final Judgment" shall have the meaning assigned in Section VII of the Settlement Agreement.

m.      "Florida Action" means *Elstein v. Colgate-Palmolive Company*, No. 11-cv-81165-CMA (S.D. Fl.).

n.      "Illinois Action" means *Pearson v. Colgate-Palmolive Company*, No. 11-cv-06086 (N.D. Ill.) and *Emery v. Colgate-Palmolive Company*, No. 11-cv-00797-GPM-SCW (N.D. Ill.).

o.      "Injunctive Relief" means the injunctive relief to which the Parties have agreed to in Section V, below.

p.      "Labeling" means the labeling of the Product.

q.      "Lead Class Counsel" shall be the firm or firms appointed by the Court as lead counsel in the Action for purposes of prosecuting approval of the Settlement Agreement.

r.      "Long Form Notice" means the longer form of notice to the Settlement Class under the Notice Plan, as further described in Section IV, below.

s.      "Marketing" or "Marketed" means the advertising, marketing, and promotion of the Product, including but not limited to print, television, radio and Internet

advertising, promotional circulars, and point-of-sale displays and merchandising, except as would constitute Labeling.

t.      "Nevada Action" means *Dyke v. Colgate-Palmolive Company*, No. 11-cv-01750-KJD-VCF (D. Nev.).

u.      "Notice" means the forms of notice, attached as Exhibits B and C, or such other form as may be approved by the Court, as applicable, which informs the Settlement Class Members of:  (i) the certification of the Action for settlement purposes; (ii) the dates and locations of the Final Approval Hearing Date; and (iii) the elements of the Settlement Agreement.

v.      "Notice Administrator" means Angeion Group.

w.      "Notice Date" means the first date upon which the Class Notice is disseminated.

x.      "Notice Plan" means the plan for providing Notice of this Settlement to the Settlement Class Members, as set forth in Section IV below.

y.      "Objection Date" means the date by which Settlement Class Members must file any written objection or opposition to the Settlement Agreement or any part or provision thereof in the Court, as set forth in Section IV below.

z.      "Parties" means Plaintiffs and Defendant, each a "Party."

aa.      "Person" or "Persons" means all persons and entities (including, without limitation, natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, associations, partnerships, limited liability partnerships, trusts, and their predecessors, successors, administrators, executors, heirs and assigns).

bb.     "Plaintiffs" means Tracy Nieblas in her individual capacity and as Class Representative, Shari Elstein, in her individual capacity and as Class Representative, Kristina Pearson, in her individual capacity and as Class Representative, Adam Emery in his individual capacity and as Class Representative, and Jeff Dyke, in his individual capacity and as Class Representative.

cc.     "Preliminary Approval" and "Preliminary Approval Order" mean the Court's Order Certifying a Settlement Class, Preliminary Approval of Proposed Settlement, Approving and Directing Notice Plan, Appointing Notice Administrator, and Appointing Class Counsel and Lead Class Counsel, in substantially the same form as Exhibit A.

dd.     "Product" means liquid hand soap products containing the antibacterial ingredient triclosan that Colgate has manufactured, marketed, promoted and/or sold during the period covered by the Action.

ee.     "Released Claims" shall be construed as broadly as possible to effect complete finality over this litigation involving Labeling and Marketing of the Product and shall mean those Claims that the Settlement Class Members are releasing, as set forth in Section VI below.

ff.     "Released Parties" shall be defined and construed as broadly as possible to effectuate a complete and comprehensive release of the Released Claims, and shall mean Defendant, as well as its respective past, present, and future predecessors, successors, and assigns; the past, present, and future, direct and indirect, parents, subsidiaries, divisions, corporate affiliates, and associates of any of the above; and the past, present, and future members, principals, partners, officers, directors, trustees, control persons, employees, agents, attorneys, shareholders, advisors, insurers and representatives of the above; and any and all

entities and individuals that are alleged to have handled, distributed, purchased for resale and/or

redistribution, supplied, manufactured and/or sold or offered for sale the Product.

        gg.    "Releasing Parties" shall include Plaintiffs and all Settlement Class

Members, and each of their respective heirs, executors, representatives, agents, legal

representatives, assigns, and successors.

        hh.    "Settlement Agreement" means this Settlement Agreement and Release,

including its Exhibits.

        ii.    "Settlement Class" or "Settlement Class Members" means the Class as

defined in Section III below.

        jj.    "Summary Notice" means the shorter form of the notice to the Settlement

Class under the Notice Plan, as further described in Section IV below.

## II.    __MOTION FOR PRELIMINARY APPROVAL__

        17.    Within 14 days after the signing of this Settlement Agreement, Class Counsel

shall file with the Court a Joint Motion for Certification of Settlement Class, Preliminary

Approval of Proposed Class Action Settlement, Approval of Notice of Plan and Notice

Administrator and Appointment of Lead Counsel that seeks entry of an order substantially

similar to the proposed order attached hereto as Exhibit A, which would, for settlement purposes

only:

        a.    conditionally certify a Settlement Class under Federal Rule of Civil

Procedure 23(b)(2) composed of the Settlement Class Members;

        b.    preliminarily approve this Settlement Agreement;

        c.    approve the proposed Notice Plan and Notice in forms substantially

similar to those attached hereto as Exhibits B and C;

   d.  appoint the Notice Administrator; and

   e.  appoint Lead Class Counsel.

## III. **CERTIFICATION OF SETTLEMENT CLASS**

18. For purposes of settlement only, and upon the express terms and conditions set forth in this Settlement Agreement, Plaintiffs and Defendant agree to seek certification of a mandatory Settlement Class in the Action pursuant to Federal Rule of Civil Procedure 23(b)(2) as follows:

   a.  The Settlement Class shall consist of all persons who purchased the Product in the United States from January 1, 1992, up to and including the Notice Date.

   b.  Defendant and their officers, directors, employees, and agents are excluded from the Settlement Class definition;

   c.  Persons who are neither citizens nor residents of the United States or its territories are excluded from the Settlement Class definition; and

   d.  Any Judge or Magistrate presiding over the Action and members of their families are excluded from the Settlement Class definition.

19. **No Right to Opt Out**

Because the Settlement Class is being certified as a mandatory class under Federal Rule of Civil Procedure 23(b)(2) and the predominant issue is injunctive relief, Settlement Class Members shall not be permitted to opt out of the Settlement Class.

20. **Class Certified for Settlement Purposes Only**

   a.  Defendant's agreement to seek a Settlement Class under Federal Rule of Civil Procedure 23(b)(2) is for settlement purposes only.

b.      Nothing in this Settlement Agreement shall be construed as an admission by Defendant that this Action or any similar case is amenable to class certification for trial purposes.  Furthermore, nothing in this Settlement Agreement shall prevent Defendant or Plaintiffs from opposing or supporting class certification or seeking vacatur of any order conditionally certifying a Settlement Class if final approval of this Settlement Agreement is not obtained, or not upheld on appeal, including review by the United States Supreme Court, for any reason.

## IV.    SETTLEMENT CLASS NOTICE AND OBJECTION DATE

21.     Because this Settlement Agreement contemplates certification of a class comprised of Settlement Class Members under Federal Rule of Civil Procedure 23(b)(2), individual notice is not required and will not be sent by the Parties.  Plaintiffs, Defendant, and the Notice Administrator have developed a Notice Plan, as detailed below.  The Parties will recommend to the Court this Notice Plan, which will be administered by an experienced and highly qualified Notice Administrator.

22.     **Notice Plan**

a.      The Notice Plan will employ the following different methods for circulating information about the settlement to Settlement Class Members:

(i)      A press release agreed to by the Parties issued to approximately 6,000 U.S. press outlets within 15 days of the Court's Order granting Preliminary Approval;

(ii)     Publication of an advertisement agreed to by the parties in the national edition of USA Today, starting within 15 days of the Court's Order granting Preliminary Approval;

(iii)     A multi-platform Internet banner ad campaign targeting a national audience of "Primary Grocery Shoppers," "Home & Beauty Shoppers," and "Hygiene Purchasers," estimated to provide 68,636,364 impressions, starting within 15 days of the Court's Order granting Preliminary Approval;

(iv)     An active hyperlink to a copy of the Summary Notice published on Class Counsel's web sites within 21 days of the Court's Order granting Preliminary Approval;

(v)     A Class Settlement Website established within 21 days of Preliminary Approval that contains the Preliminary Approval Order, the Long-Form Notice, the Settlement Agreement, and other relevant information regarding the Court-approval process;

b.     Until the Notice Administrator terminates the Class Settlement Website in accordance with paragraph 24, an active hyperlink to the Summary Notice shall be maintained on Lead Class Counsel's website; and

c.     The Long-Form Notice and Summary Notice will be made available in English and Spanish on the Class Settlement Website.

23.     **Court Appointment and Retention of Notice Administrator**

a.     At the Preliminary Approval hearing, the Parties will propose that the Court appoint Angeion Group as Notice Administrator.  The Notice Administrator will facilitate the notice process by assisting the Parties in the implementation of the Notice Plan.

24.     **Class Settlement Website**

a.     The Notice Administrator will create and maintain the Class Settlement Website, to be activated within 21 days of Preliminary Approval.  The Notice Administrator's

responsibilities will also include securing an appropriate URL, such as www.SoftSoapAntibacterialClassActionSettlement.com.

b.      The Class Settlement Website will post the settlement documents and case-related documents such as the Settlement Agreement, the Long-Form Notice, and the Preliminary Approval Order.  In addition, the Class Settlement Website will include procedural information regarding the status of the Court-approval process, such as an announcement of the Final Approval Hearing Date, when the Final Approval Order and Judgment has been entered, and when the Effective Date has been reached.

c.      The Class Settlement Website will terminate (be removed from the Internet) and no longer be maintained by the Notice Administrator after (i) six (6) months from the date of its creation (i.e., the launch of the Class Settlement Website), or (ii) thirty (30) days after either (a) the Effective Date of the Settlement or (b) the date on which the Settlement Agreement is terminated or otherwise not approved by a court, whichever is later.  The Notice Administrator will then transfer ownership of the URL to Defendant.

25.    **Long-Form Notice**

The Parties have agreed that they will jointly recommend the Long-Form Notice, substantially in the form attached as Exhibit C, to the Court for approval.  The Long-Form Notice is designed to provide comprehensive and easily understandable notice of the terms of the Settlement Agreement.  The Long-Form Notice shall be posted on the Class Settlement Website as provided by paragraph 24.

26.    **Summary Notice and Publication Program**

The Parties have agreed that they will jointly recommend the Summary Notice, substantially in the form attached as Exhibit B, to the Court for approval.  The Summary Notice

is designed to provide the Settlement Class Members material information about the class-action settlement and direct them to the Long-Form Notice posted on the Class Settlement Website. As stated in paragraph 22, the Summary Notice (or an active hyperlink to the Summary Notice) will be placed on Class Counsel's websites. The Summary Notice (or the hyperlink) will be removed from the websites after (i) 6 months from the date of its creation (i.e., placement on the website) or (ii) 30 days after either (a) the Effective Date of the Settlement or (b) the date on which the Settlement Agreement is terminated or otherwise not approved by a court, whichever is later.

27.   **CAFA Notice**

The Parties agree that the Notice Administrator shall serve notice of the settlement (via Federal Express) that meets the requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials no later than 10 days after the filing of this Settlement Agreement with the Court.

28.   **Costs**

The cost of the above Notice Plan (with the exception of notice provided on Lead Class Counsel's website) shall be paid by Defendant as part of the $2 million fund described in paragraph 36.

29.   **Objection Date**

The Objection Date shall be 60 days after the date of Preliminary Approval.

**V.   INJUNCTIVE RELIEF PROVISIONS**

30.   Subject to the terms and conditions of this Settlement Agreement, Plaintiffs and Defendant have agreed to move jointly for the Court to enter, as part of the Final Approval Order and Judgment, an injunction applicable to Defendant. The injunctive relief provision of the Final Approval Order and Judgment shall enjoin Defendant as follows:

a.      Defendant has no present intention to reintroduce triclosan as an ingredient in its Product, but to the extent that changes in the future, Defendant will use triclosan only in a manner consistent with final FDA regulations.

b.      Defendant shall not use a claim on Labeling and Marketing of the Product that is based on "99%" efficacy without an accompanying disclosure statement that generally describes testing methods at a level consistent with those appearing on Product Labels as of the date of this Settlement Agreement.

c.      Defendant shall not use the statement "Goodbye Germs – Hello World" on Labeling and Marketing of the Product.

d.      The terms and requirements of the Injunctive Relief shall expire on the earliest of the following dates: (a) five years following the Effective Date; or (b) the date upon which there are changes to any applicable statute, regulation, or other law that Defendant reasonably believes would require a modification to the Labeling and Marketing of the Product required by the Injunctive Relief provisions in order to comply with the applicable statute, regulation, or law.

e.      Plaintiffs and Class Counsel agree, on behalf of themselves and all Settlement Class Members, that this Settlement Agreement does not preclude Defendant from making further changes to Labeling and Marketing of the Product as Defendant sees fit.

## VI.    __RELEASE__

31.     Upon the Effective Date, the Releasing Parties forever release and discharge all injunctive, declaratory, or equitable Claims that have been brought, could have been brought, are currently pending, or are ever brought in the future, by any Settlement Class Member against Released Parties, in any forum in the United States (including their territories and Puerto Rico),

whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation or common law, that relate in any way to the distribution, sale, purchase, labeling, packaging, Marketing or advertising of the Product and all equitable Claims for relief, of whatever type or description arising or that may have arisen as a result of, or relate in any way to any of the facts, acts, events, transaction, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any Claim raised (including, but not limited to, any Claim that was raised against Defendant) in the Action and/or the Fourth Consolidated Class Action Complaint.

32.     Upon the Effective Date, each of the Plaintiffs, in his or her individual capacity, shall forever release and discharge all Claims that have been brought, could have been brought, are currently pending, or are ever brought in the future, by him or her against Released Parties, in any forum in the United States (including their territories and Puerto Rico), whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation or common law, that relate in any way to the distribution, sale, purchase, labeling, packaging, Marketing or advertising of the Product, including all Claims for any damages or injuries, of whatever type or description arising or that may have arisen as a result of, or relate in any way to any of the facts, acts, events, transaction, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any Claim raised (including, but not limited to, any Claim that was raised against Defendant) in the Action and/or the Fourth Consolidated Class Action Complaint.

33.     After entering into this Settlement Agreement, Plaintiffs or the Settlement Class may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims.  Plaintiffs and the Settlement Class Members

expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent injunctive, declaratory, or equitable Claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts.

34.     No default by any Person in the performance of any covenant or obligation under this Settlement Agreement or any order entered in connection therewith shall affect the dismissal of the Action, the res judicata effect of the Final Approval Order and Judgment, the foregoing releases, or any other provision of the Final Approval Order and Judgment; provided, however, that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all signatories to this Settlement Agreement.

## VII.   ENTRY OF FINAL APPROVAL ORDER AND JUDGMENT

35.     The Parties shall jointly seek entry by the Court of a Final Approval Order and Judgment as soon as is practical that includes provisions:

a.      granting final approval of this Settlement Agreement, and directing its implementation pursuant to its terms and conditions;

b.      ruling on Class Counsel's application for attorneys' fees, costs, and expenses, including incentive awards for Plaintiffs;

c.      enjoining Defendant according to the specific terms in Section V above;

d.      discharging and releasing the Released Parties, and each of them, from the Released Claims;

e.      permanently barring and enjoining all Releasing Parties from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Released Claims;

f.    directing that, as to Defendant, this Action be dismissed with prejudice and without costs;

g.    stating pursuant to Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the Final Approval Order and Judgment is a final, appealable order; and

h.    reserving to the Court continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Approval Order and Judgment.

## VIII.   SETTLEMENT FUND

36.    In consideration of the Settlement, Defendant agrees to pay a total $2 million to satisfy any award of attorneys' fees, costs, expenses, incentive awards payable to Plaintiffs, cost of the Notice Plan, and the cy pres award, if any, described in paragraph 41.  The cost of the Notice Plan will be payable by Defendant to the settlement administrator in accordance with their contract following entry of an order granting Preliminary Approval of the Settlement Agreement.  These costs shall be Defendant's sole responsibility regardless whether a Final Approval and Order and Judgment is entered.  The remainder of Defendant's $2 million commitment is contingent upon this Settlement reaching the Effective Date, and the remaining sums will be payable on the terms provided for by this Settlement Agreement.

## IX.    ATTORNEYS' FEES, COSTS AND EXPENSES

37.    In advance of the Objection Date, Class Counsel shall make an application to the Court for an award of all attorneys' fees, costs, and expenses.  Including the cost of the Notice Plan, this application shall not exceed $2,000,000 in the aggregate, to be paid by Defendant. Defendant shall not oppose or object to the application by Class Counsel for attorneys' fees,

costs, and expenses in an amount up to $2 million, including the cost of the Notice Plan, in the aggregate.

38.     The award shall include all fees, costs, and expenses for Class Counsel and Lead Class Counsel, and any and all Plaintiffs' and Settlement Class Members' counsel (and their employees, consultants, experts, and other agents) who may have performed work in connection with this Action or the other Action.  The award shall include incentive awards payable to Plaintiffs in the amount of $2,500.00 (two thousand five hundred dollars).  Regardless of the number of attorneys sharing in the Court's award of attorneys' fees, costs, and other expenses, Defendant shall not be required to pay any award that exceeds, in the aggregate and inclusive of the cost of the Notice Plan, $2 million.

39.     Lead Class Counsel shall distribute attorneys' fees and costs to Class Counsel, according to an allocation determined by agreement among Lead Class Counsel and Class Counsel.  In no event will any dispute over such allocation impair the effectiveness of this Settlement Agreement.  Under no circumstances will Defendant be liable to Plaintiffs, Lead Class Counsel, or Class Counsel, for any additional sums under this Settlement Agreement.

40.     If any request for an award of attorneys' fees, costs, and expenses is finally approved by the Court and upheld on any appeal, then Defendant shall use best efforts to pay the award via electronic transfer to Lead Class Counsel within seven (7) business days after the Effective Date.

## X.     DISTRIBUTION OF CY PRES

41.     Any amount remaining from the $2 million described in paragraph 36 of this Settlement Agreement after an award of attorneys' fees, costs, expenses, incentive awards payable to Plaintiffs, and cost of the Notice Plan, shall be paid by Defendant to Children's Health

Fund.  Defendant shall use best efforts to pay such amounts within 30 business days after the Effective Date.

## XI.      MODIFICATION, TERMINATION, AND EFFECT OF SETTLEMENT

42.      In the event the terms or conditions of this Settlement Agreement, other than terms pertaining to the attorneys' fees, costs, and expenses provided for in Section IX above, are materially modified by any court, either Party in its sole discretion to be exercised within 14 days after such a material modification may, but is under no obligation to, declare this Settlement Agreement null and void.  For purposes of this paragraph, material modifications shall be limited to any modifications to the definitions of the Settlement Class, Released Claims, Releasing Parties, or Released Parties.  In the event that a Party exercises its option to withdraw from and terminate this Settlement Agreement, then the Settlement proposed herein shall become null and void and shall have no force or effect, the Parties shall not be bound by this Settlement Agreement, and the Parties will be returned to their respective positions existing immediately before the execution of this Settlement Agreement.  Notwithstanding the foregoing, in the event this Settlement Agreement is not approved by any court, or the Settlement set forth in this Settlement Agreement is declared null and void, or in the event that the Effective Date does not occur, each Party shall bear its own attorneys' fees and costs and Defendant's payment obligations shall cease.

43.      The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees, costs, and other expenses shall not be grounds for Plaintiffs, the Settlement Class, or Class Counsel, to cancel or terminate this Settlement Agreement, and shall not be deemed a material modification under the terms of paragraph 42.

44.     If this Settlement Agreement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Settlement Agreement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, this Action shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and this Action shall return to the procedural status quo as of the date this Settlement Agreement was executed in accordance with this paragraph.  Class and Defendant's Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Settlement Agreement is not consummated and any of the Action are later litigated and contested by Defendant under Rule 23 of the Federal Rules of Civil Procedure.

**XII.    MISCELLANEOUS**

45.     **Best Efforts to Obtain Court Approval**

a.     Plaintiffs, Defendant, and counsel for all Parties, agree to use their best efforts to obtain Court approval of this Settlement Agreement, subject, however, to the Parties' rights to terminate the Settlement Agreement under Section XI, above.

46.     **No Admission**

a.     This Settlement Agreement, whether or not it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

(i)     offered or received by or against any Person as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Plaintiffs or defense asserted by Defendant, of

the validity of any Claim that has been or could have been asserted in this Action or the other Action, or the deficiency of any defense that has been or could have been asserted in this Action or the other Action, or of any liability, negligence, fault or wrongdoing on the part of Plaintiffs or Defendant;

(ii)   offered or received by or against any Person as a presumption, concession, admission or evidence of the violation of any state or federal statute, law, rule, or regulation or of any liability or wrongdoing by Defendant, or of the truth of any of the Claims, and evidence thereof shall not be directly or indirectly, in any way, (whether in the Action, or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and the Final Approval Order and Judgment, including, without limitation, asserting as a defense the release and waivers provided herein;

(iii)   offered or received by or against any Person as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendant, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement Agreement; provided, however, that if this Settlement Agreement is approved by the Court, then the signatories to the Agreement may refer to it to enforce their rights hereunder; or

(iv)   construed as an admission or concession by Plaintiffs, the Settlement Class or Defendant that the consideration to be given in this Settlement

Agreement represents the relief that could or would have been obtained through trial in the Action.

47.     **Administrative Costs**

a.      Except as provided in Sections IV (Notice), and IX (Attorneys' Fees, Costs, and Expenses), above, each of Plaintiffs and Defendant shall be solely responsible for his, her, or its own costs and expenses.

48.     **Taxes**

a.      Class Representatives and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to the Settlement Agreement.

49.     **Public Statements**

a.      Except in connection with any proceeding or court filing, or as expressly provided in the Notice Plan described in Section IV, above, or as expressly authorized in writing by Defendant or their counsel, Plaintiffs and Class Counsel will not issue any press releases or communicate with any third party, including the media, regarding the Settlement or the Action, without prior approval of Defendant.  If Plaintiffs or Class Counsel receive an inquiry from any third party, they should refer to the Class Notice, refer to the Fourth Consolidated Class Action Complaint, or refer to the Court file.  Plaintiffs and Class Counsel agree not to make disparaging public statements about Defendant, Defendant's employees, Defendant's products, the Product, or Defendant's counsel.  Plaintiffs and Class Counsel are free to respond in a truthful and non-disparaging manner to Class Member inquiries regarding the Action and/or the Settlement Agreement.  Class Counsel are free to state they served as legal counsel in this lawsuit and discuss the terms of the Settlement Agreement on their firm websites, biographies, or similar

Marketing materials, and in connection with speaking engagements and future applications to serve as interim-class or lead counsel, or as otherwise required by law.

b. In connection with any proceedings in any court, Plaintiffs and Class Counsel will not make any representations concerning this Settlement Agreement that are inconsistent with the positions taken by Plaintiffs and Class Counsel in the Action.

c. Defendant shall be permitted to make any statement regarding the Settlement or the Action without prior approval from Plaintiffs or Class Counsel, provided such statements do not disparage Class Counsel or the value of the Settlement Agreement. The Parties further acknowledge Defendant has legitimate business interests that might prompt it to make additional affirmative statements, or respond to public statements, concerning the Product, the Action, or the Settlement Agreement. Defendant agrees not to make disparaging public statements about Plaintiffs or Class Counsel or about the strength or validity of the Class Action in a general or specific manner.

50. **Complete Agreement**

This Settlement Agreement is the entire, complete agreement of each and every term agreed to by and among Plaintiffs, the Settlement Class, Defendant, and Class Counsel. In entering into this Settlement Agreement, no party to the Agreement has made or relied on any warranty or representation not specifically set forth herein. This Settlement Agreement shall not be modified except by a writing executed by all the parties hereto. No extrinsic evidence or parole evidence shall be used to interpret this Settlement Agreement. Any and all previous agreements and understandings between or among one or more of the Parties to this Settlement Agreement regarding the subject matter of this Agreement, whether written or oral, are superseded and hereby revoked by this Agreement. The parties to this Settlement Agreement

expressly agree that the terms and conditions of this Agreement will control over any other written or oral agreements.

51.     **Headings for Convenience Only**

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

52.     **Severability**

In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Settlement Agreement shall continue in full force and effect without said provision, subject, however, to the parties' rights to terminate the Agreement under Section XI, above.

53.     **No Party Is the Drafter**

None of the Parties to this Settlement Agreement shall be considered the primary drafter of this Settlement Agreement or any provision hereof for the purpose of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

54.     **Binding Effect**

This Settlement Agreement shall be binding according to its terms upon, and inure to the benefit of Plaintiffs, the Settlement Class, Defendant, the Releasing Parties, the Released Parties, as defined in Section I above, and any additional successors and assigns.

55.     **Authorization to Enter Settlement Agreement**

Each of the undersigned Class Counsel represents and warrants that he or she is fully authorized to conduct settlement negotiations with counsel for Defendant on behalf of the Settlement Class and the respective Plaintiffs and Class Representatives, and to enter into, and to execute, this Settlement Agreement on behalf of the Settlement Class, the respective Plaintiffs

and Class Representatives, and his co-Class Counsel, if any, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).

56. **Execution in Counterparts**

The Parties may execute this Settlement Agreement in counterparts, and the execution of counterparts shall have the same effect as if all parties had signed the same instrument. Facsimile signatures shall be considered as valid signatures. This Settlement Agreement shall not be deemed executed until signed by Class Counsel and Defendant.

57. **Settlement Notice**

Except for the Notice Plan, as provided for in Section IV above, all other notices or formal communications under this Settlement Agreement shall be in writing and shall be given (i) by hand delivery; (ii) by registered or certified mail, return receipt requested, postage prepaid; or (iii) by Federal Express or similar overnight courier to counsel for the Party to whom notice is directed at the following addresses:

For Plaintiffs and Settlement Class:

Lucy J. Karl
NH Bar No. 5547
SHAHEEN & GORDON, P.A.
107 Storrs Street, P.O. Box 2703
Concord, New Hampshire 03302
Telephone: (603) 225-7262
Facsimile: (603) 225-5112
lkarl@shaheengordon.com

For Defendant:

Shon Morgan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

58.   **Governing Law**

a.   Without regard to principles of conflicts of laws, this Settlement Agreement shall be governed by and interpreted in accordance with Federal law and, to the extent that resort must be had to State law, by the laws of the State of New York.

b.   The Court shall retain continuing and exclusive jurisdiction over the Parties with respect to the Settlement Agreement and the Final Approval Order and Judgment.

59.   **Interpretation**

As used in this Settlement Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others wherever the context so indicates.

60.   **Confidentiality**

All proprietary or confidential documents or information that have been previously provided to Class Counsel or Plaintiffs, as of the Effective Date of this Agreement, including under the Stipulated Protective Order entered in the MDL, shall be destroyed, as provided for in that Order, with certification of the destruction to be provided to the producing party within sixty (60) days of the Effective Date.

IN WITNESS WHEREOF, the Parties hereto, through their fully authorized representatives, have executed this Settlement Agreement as of the date first herein written.

**[remainder of page intentionally left blank]**

**Class Counsel**

By: _Lucy J. Karl_          Date: _May 21, 2015_

Lucy J. Karl
NH Bar No. 5547
SHAHEEN & GORDON, P.A.
107 Storrs Street
Concord, New Hampshire 03302
Telephone: (603) 225-7262
Facsimile: (603) 225-5112
lkarl@shaheengordon.com

Richard J. Arsenault
Douglas E. Rushton
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
P.O. Box 1190
Alexandria, Louisiana 71309
Telephone: (800) 256-1050
Facsimile: (318)561-2591
rarsenault@nbalawfirm.com

Adam J. Levitt
Edmund S. Aronowitz
GRANT & EISENHOFER P.A.
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com
earonowitz@gelaw.com

John R. Climaco
John A. Peca
CLIMACO, WILCOX, PECA,
TARANTINO & GAROFOLI
CO., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio 44113
Telephone: (216) 621-8484
Facsimile: (216) 771-1632
jrclim@climacolaw.com

Charles E. Schaffer
Brian F. Fox

Charles E. Schaffer
Brian F. Fox
LEVIN, FISHBEIN, SEDRAN
& BERMAN
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Eric D. Holland
R. Seth Crompton
HOLLAND LAW FIRM, LLC
300 North Tucker Boulevard, Ste. 801
St. Louis, Missouri 63101
Telephone: (314) 241-8111
Facsimile: (314) 241-5554
eholland@allfela.com

Matthew B. Butler
NICHOLAS & BUTLER,
LLP
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
mbutler@nblaw.org

David C. Rash
DAVID C. RASH, P.A.
1655 North Commerce Parkway, Suite 303
Weston, Florida 33326
Telephone: (954) 515-0072
Facsimile: (954) 515-0073
david@dcrashlaw.com

Laurence D. King
KAPLAN FOX &
KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California
94104
Telephone: (415) 772-4700
Facsimile: (415) 329-4707
lking@kaplanfox.com

James C. Shah
SHEPHERD, FINKELMAN,
MILLER & SHAH, LLC
35 East State Street
Media, Pennsylvania 19063
Telephone: (610) 891-9880
Facsimile: (610) 891-9883
jshah@sfmslaw.com

Jordan L. Chaikin
PARKER WAICHMAN LLP
27300 Riverview Center Boulevard, Suite 103
Bonita Springs, Florida 34134
Telephone: (239) 390-1000
Facsimile: (239) 390-0055
jchaikin@yourlawyer.com

*Lead Class Counsel*

**Defendant**

COLGATE-PALMOLIVE COMPANY

By: _(signature)_____ Date: _5/21/15_

Name: _____Betsy Fishbone_____

Title: _VP, HR, Litigation & Compliance_

**Defendant's Counsel**

By: _(signature)_____ Date: _5/28/15_

Shon Morgan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
shonmorgan@quinnemanuel.com

Faith E. Gay
Isaac Nesser
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
faithgay@quinnemanuel.com
isaacnesser@quinnemanuel.com

Karin Kramer
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
karinkramer@quinnemanuel.com

Michele E. Kenney
NH Bar No. 19333
PIERCE ATWOOD, LLP
One New Hampshire Avenue, Suite 350
Portsmouth, New Hampshire 03801
Telephone: (603) 433-6300
Facsimile: (603) 433-6372
mkenney@pierceatwood.com