**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

IN RE: COLGATE-PALMOLIVE
SOFTSOAP ANTIBACTERIAL HAND    MDL Docket No. 12-md-2320-PB
SOPA MARKETING AND SALES            All Actions
PRACTICES LITIGATION
(MDL NO. 2320)

## ORDER GRANTING PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

In this Action,[1] Plaintiffs, in their individual capacities and on behalf of all others similarly situated (the "Settlement Class"), assert Claims against Defendant Colgate-Palmolive Company. Defendant has denied each of the Claims asserted against it in this Action and denies any and all liability. Plaintiffs maintain that the Claims have merit and that a class should be certified in this Action.

This Court has now been presented with a Joint Motion for Certification of Settlement Class, Preliminary Approval of Proposed Class Action Settlement, Approval of Notice Plan and Notice Administrator and Appointment of Lead Counsel dated May 29, 2015. The Settlement Agreement was negotiated and consented to on behalf of the Parties, and it resolves the Claims against Defendant arising out of the Action. Notice of the proposed

---

[1] Capitalized terms shall have the meaning ascribed to them in the Definitions section of the Settlement Agreement.

settlement has been served on the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

Having considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, and the absence of any evidence of collusion between Plaintiffs and Defendant, and being preliminarily satisfied that the Settlement Agreement is fair, reasonable, and consistent with applicable laws; and being satisfied that the proposed Notice of Class Action Settlement is adequate and sufficiently informative as to the terms and effect of the proposed settlement and the conditional certification of the Settlement Class, IT IS ORDERED THAT:

1. This Court has jurisdiction over the subject matter of the Action pursuant to 28 U.S.C. § 1332(d). This Court also has jurisdiction over all Parties to the Action, including all members of the Class, as defined in Paragraph 3, below.

2. For the sole purpose of determining whether the proposed settlement embodied in the Settlement Agreement should be approved as fair, reasonable, and adequate and whether this Action should be dismissed with prejudice as to Defendant, a Settlement Class is preliminarily and conditionally certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, as follows:

    a. The Settlement Class shall consist of all persons who purchased the Product in the United States from January 1, 1992, up to and including the Notice Date;

    b. Defendant and their officers, directors, employees, and agents are excluded from the Settlement Class definition;

2

    c.    Persons who are neither citizens nor residents of the United States or its territories are excluded from the Settlement Class definition; and

    d.    Any Judge or Magistrate presiding over the Action and members of their families are excluded from the Settlement Class definition.

3. The Settlement Agreement is preliminarily and conditionally approved as a fair, reasonable, and adequate compromise of the risks of the Action, subject to further consideration at the Final Approval Hearing. Plaintiffs and Defendant are authorized and directed to take all actions that may be required prior to final approval by the Court of the proposed settlement and compromises set forth in the Settlement Agreement.

4. The Summary Notice attached as Exhibit B to the Settlement Agreement and the Long Form of Notice of Class Action Settlement (the "Long Form Notice") attached as Exhibit C to the Settlement Agreement are approved. Dissemination of the Class Notice as set forth in the Notice Plan satisfies the requirements of due process and the Federal Rules of Civil Procedure. The Summary Notice and Long-Form Notice will be published in accordance with the terms of the Notice Plan set forth in the Settlement Agreement. Non-substantive changes may be made to the Summary Notice and Long-Form Notice by agreement of Plaintiffs and Defendant without further order of this Court.

5. Angeion Group is appointed as the Notice Administrator.

6. Solely for purposes of the proposed settlement, Tracy Nieblas, Shari Elstein, Kristina Pearson, Adam Emery and Jeff Dyke are designated as Class Representatives of the Settlement Class.

7. The Court conditionally approves of and appoints Lucy J. Karl, Richard J. Arsenault, Adam J. Levitt, John R. Climaco, Charles E. Schaffer, and Eric D. Holland as Class Counsel for the purpose of determining whether the proposed settlement embodied in the Settlement Agreement should be approved as fair, reasonable, and adequate and whether this Action should be dismissed with prejudice as to Defendant.

8.  In advance of the Objection Date, Class Counsel shall file their motion for attorneys' fees, costs, and expenses. Any motions for incentive awards to Class Representatives shall be filed by the same date. Defendant shall file any response to any motions filed under this paragraph within 14 days.

9.  If the proposed settlement is not approved or consummated for any reason whatsoever, then the settlement class certification established by this Order will be vacated, the Class and Defendant will return to the status of the claims, defenses, and class certification immediately prior to May 21, 2015, the date on which the proposed settlement was reached; the proposed settlement and all proceedings conducted in connection therewith shall be stricken from the record and shall be without prejudice to the status quo ante rights of Plaintiffs and Defendant.

10. A Final Approval Hearing shall be held at 10:00 a.m. on September 28, 2015, for the purpose of determining whether the proposed settlement and compromise set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the Action with respect to Defendant is appropriate.  This hearing will be held at the United States District Court for the District of New Hampshire, 55 Pleasant Street Room 110, Concord, NH 03301.  At the Final Approval Hearing, the Court will consider and determine:

    10.1 whether the proposed settlement is fair, reasonable, and adequate to members of the Class and should be approved by the Court;

    10.2 whether the proposed Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(2) for purposes of the proposed settlement;

    10.3 whether the Court should enjoin Defendant according to the specific terms in the Settlement Agreement;

    10.4 whether final judgment should be entered, dismissing the Action as to Defendant, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Settlement Agreement, should be provided;

10.5 whether the Court should approve Class Counsel's application for an award of attorneys' fees, expenses, and costs;

10.6 whether the Court should approve any motion for an award of incentive fees for the class representatives; and

10.7 such other matters as the Court may deem appropriate.

11. Any person who wishes to oppose or object to final approval of the settlement and compromise in this Action shall mail an objection letter to stating the person's intention to object to the Settlement in *In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Marketing and Sales Practices Litigation*, Case No. 1:12-md-02320-PB.  Any objection letters must include the objector's name, address, telephone number, signature, reasons for objecting to the settlement, and a statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.  Objection letters must be mailed to each of the following four places and postmarked no later than 60 days after the date of Preliminary Approval, or the objection will not be valid and will not be considered by the Court:

| Administrator | Court |
|---|---|
| Angeion Group | Office of the Clerk |
| 1801 Market Street, Suite 660 | United States District Court for |
| Philadelphia, PA 19103 | the District of New Hampshire |
| | 55 Pleasant Street Room 110 |
| | Concord, NH 03301 |

| Lead Class Counsel | Defendant's Counsel |
|---|---|
| Lucy J. Karl | Shon Morgan |
| NH Bar No. 5547 | QUINN EMANUEL URQUHART & |
| SHAHEEN & GORDON, P.A. | SULLIVAN, LLP |
| P.O. Box 2703 | 865 S. Figueroa Street, |
| Concord, New Hampshire 03302-2703 | 10th Floor |
| Telephone: (603) 225-7262 | Los Angeles, CA 90017 |
| Facsimile: (603) 225-5112 | |
| lkarl@shaheengordon.com | |

12. Any person who wishes to appear at the Final Approval Hearing, either in person or through counsel, before 60

days following the date of Preliminary Approval, in addition to providing the above information, shall also:

12.1 Identify the points the objector wishes to speak about at the hearing;

12.2 Enclose copies of any documents the objector intends to rely on at the hearing;

12.3 State the amount of time the objector requests for speaking at the hearing; and

12.4 State whether the objector intends to have a lawyer speak on his or her behalf.

13. Any lawyer who intends to speak on behalf of an objector at the Final Approval Hearing shall enter a written notice of appearance of counsel with the Clerk of Court no later than 60 days following the date of Preliminary Approval. All properly submitted objections shall be considered by the Court.

14. Any member of the Class who does not object in the manner set forth above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement, the Final Approval Order and Judgment to be entered approving the settlement, the Release of Claims, or the attorneys' fees, costs, expenses, or incentive fees requested.

15. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of this Order or the responsibilities incidental thereto, are stayed and suspended as between Plaintiffs and Defendant until further order of the Court.

16. The Court may adjourn the Final Approval Hearing, or any adjournment thereof, without any further notice other than an announcement at the Final Approval Hearing, or any adjournment thereof, and may approve the Settlement Agreement with modifications as approved by the parties to the Settlement Agreement without further notice to the Class.

17. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the proposed settlement.

   SO ORDERED.

   /s/Paul Barbadoro
   Paul Barbadoro
   United States District Judge
   District of New Hampshire

June 5, 2015

cc:  Counsel of Record