# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

IN RE: COLGATE-PALMOLIVE                )
SOFTSOAP ANTIBACTERIAL HAND    )          MDL Docket No. 12-md-2320-PB
SOAP MARKETING AND SALES          )
PRACTICES LITIGATION                       )          All Actions
(MDL NO. 2320)                                      )
_____)

**AFFIDAVIT OF LUCY J. KARL IN SUPPORT OF PLAINTIFFS' ASSENTED-TO MOTION FOR AN AWARD OF ATTORNEYS FEES', EXPENSES, AND REPRESENTATIVE PLAINTIFFS' INCENTIVE AWARDS**

I, Lucy J. Karl, am over the age of eighteen (18) and otherwise competent to testify to all facts and/or opinions contained in this Affidavit.

1. I am a shareholder of the law firm Shaheen & Gordon, P.A. I make this Affidavit in support of the Motions based upon personal knowledge. If I am required to testify, I am competent to offer testimony on all matters set forth in this Affidavit.

2. I am a member of the Bar of the Supreme Court of New Hampshire and have been since 1988. I was admitted to practice with Federal District Court for the District of New Hampshire in 1988, and the First Circuit Court of Appeals in 1999. I am a member of the Bar of the Supreme Court of Illinois and have been since 1982. I was admitted to practice in the Federal District Court for the Northern District of Illinois in 1982. I was admitted to practice in the United States Supreme Court in 1989.

3. On May 14, 2012, the Court issued Pre-Trial Order No. 1 Appointing Interim Case Leadership Pursuant to Fed. R. Civ. P. 23(g) (Dkt. No.20). Pursuant to Pre-Trial Order No. 1:

    a. I was appointed Interim Class Counsel;

  b. Richard J. Arsenault, Eric D. Holland, Adam J Levitt, John A. Peca, and Charles Schaeffer were appointed to the Plaintiffs' Executive Committee; and

  c. Matthew B. Butler, Jordan L. Chaikin, Laurence D. King, David C. Rash, and James C. Shah were appointed to the Plaintiffs' Steering Committee.

4. This Affidavit is provided in support of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Representative Plaintiff's Incentive Payments. I have personal knowledge of the time keeping, expense tracking and systems of my law firm as I am the managing partner.

5. As Interim Class Counsel I have personally rendered legal services in this case, and have been actively involved in a leadership role in all stages of the litigation and settlement. I coordinated the activities of the executive committee members and other counsel representing the plaintiffs. For all of these reasons, I have personal and extensive knowledge of the legal services rendered by attorneys requesting fees and expenses.

6. I also was and am responsible for the staffing and activity that has been conducted on behalf of the plaintiffs by other Shaheen & Gordon, P.A. ("S&G") attorneys and professionals, including oversight of services rendered. Based on my activities and oversight in this case, as well as my review of the billing records maintained in this case, I have personal knowledge of the work performed by, the time spent in rendering such work, and the hourly rates charges by S&G attorneys and professionals as well as the necessary costs incurred in the normal course of litigation. A copy of the curriculum vitae of S&G attorneys is attached as Exhibit 1.

SHAHEEN & GORDON, P.A. TIME AND EXPENSES

2

7.      From the inception of this litigation through July 31, 2015, Shaheen & Gordon, P.A. expended 601.95 hours of work in connection with this litigation. Based upon our customary rates in this type of litigation, the lodestar value of that time is $202,088.75.

8.      My firm's work on this case was performed on a wholly contingent basis pursuant to contingency fee contracts with the named Plaintiffs. Shaheen & Gordon, P.A. has not received any amounts in connection with this case either as fee income or expense reimbursement. Additionally, all expense amounts were incurred and paid by my firm out of operating funds.

9.      Shown below is a true and correct summary identifying the attorneys who have worked on this litigation, the number of hours those individuals worked, their regular hourly billing rates and their respective lodestar values.

10.      The hourly rates shown below are the usual and customary rates charged by my firm in connection with litigations similar to the instant litigation. These rates are not adjusted, notwithstanding the complexity of this litigation, the skill and tenacity of the opposition, the preclusion of other employment, the delay in payment or any other factors that could be used to justify a higher hourly compensation.

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Lucy J. Karl | Senior Partner | 246.2<br>97.1 | $435.00<br>$450.00 | 107,097.00<br>43,695.00 |
| D. Michael Noonan | Senior Partner | 0.15 | $450.00 | 65.25 |
| Christine M. Craig | Senior Partner | 1.0 | $435.00 | 435.00 |
| Conrad WP Cascadden | Associate | 117.7 | $290.00 | 34,133.00 |
| Timothy J. McLaughlin | Associate | 6.5 | $300.00 | 4,950.00 |
| Beth A. Stevens | Paralegal | 86.2 | $95.00 | 8,189.00 |

3

| | | | | |
|---|---|---|---|---|
| Maureen A. Johnston | Paralegal | 0.3 | $95.00 | 28.50 |
| Rebecca L. Burke | Paralegal | 36.8 | $95.00 | 3,496.00 |
| ***TOTALS:*** | | ***601.95*** | | ***$202,088.75*** |

11. These amounts were derived from contemporaneous daily time records Shaheen & Gordon compiled on this matter, which are recorded in our computerized database. The firm requires regular and contemporaneous recording of time records, which occurred in this case.

12. The lodestar summary reflects Shaheen & Gordon's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

13. Shaheen & Gordon has advanced a total of $3,807.25 in expenses reasonably and necessarily incurred in connection with the prosecution of this litigation. They are broken down as follows:

| ***EXPENSE CATEGORY*** | ***AMOUNT*** |
|---|---|
| Court/Filing Fees | $309.75 |
| Postage/Overnight Delivery | $108.17 |
| Computer research | $389.33 |
| Litigation Fund Contributions | $3,000.00 |
| ***TOTAL:*** | ***$3,807.25*** |

14. These expenses are reflected in the books and records regularly kept and maintained by my firm.

15.     In my opinion, the time expended and expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation of the matter.

## PLAINTIFFS' EXECUTIVE AND STEERING COMMITTEES

16.     In conjunction with and in preparation for the motion which this Affidavit supports, I requested, received and reviewed time and expense submissions from 12 law firms. I have undertaken an extensive review of all submitted proposed time and expenses.

17.     Many of the law firms commenced the putative class actions litigation and worked independently before consolidation.

18.     Since appointment as Interim Class Counsel, I have endeavored to take all steps necessary to ensure that time spent on the case was necessary and non-duplicative.

19.     Attached herewith as Exhibits 2 through 12 are the Affidavits and Biographies of Richard J. Arsenault, Esq. (Exhibit 2), Jordan L. Chaikin (Exhibit 3), Esq., Christopher M. Ellis, Esq. (Exhibit 4), Eric D. Holland, Esq. (Exhibit 5), Fred Taylor Isquith, Esq. (Exhibit 6), Laurence D. King, Esq. (Exhibit 7), Adam J. Levitt, Esq. (Exhibit 8), John A. Peca, Esq. (Exhibit 9), Charles E. Schaeffer, Esq. (Exhibit 10), David C. Rash, Esq. (Exhibit 11), and James C. Shah, Esq. (Exhibit 12).

20.     Each attorney attests to the reasonableness, validity and accuracy of their respective firms' billing rates and records, as well as their respective expense reports in their respective affidavits.

21.     As Interim Lead Counsel, I requested that Class Counsel keep itemized billing records describing the billable hours expended, the work performed and the costs incurred in connection with this Action and submit the itemized billing records on a monthly basis.

22. Throughout the litigation Class Counsel took measures to avoid duplicative work and promote efficiency. Class Counsel made assignments in a coordinated manned to ensure that talents were properly used and that information acquired through discovery was appropriately catalogued and incorporated into litigation strategy and ultimately, settlement strategy. Senior attorneys were not used when they were not required, and attorneys did not perform work that paralegals could perform. Class Counsel worked cooperatively and collaboratively throughout this litigation, embracing a team approach to ensure efficiency.

23. Class Counsel exercised billing judgment, attempting to reduce the hours billed to reduce redundancies. Throughout the litigation, Class Counsel took measures to avoid duplicative work and to promote efficiency. Class counsel made assignments in a coordinated manned to ensure that talents were properly utilized and that information acquired through discovery was appropriately catalogued and incorporated into litigation strategy and ultimately, settlement strategy. Senior attorneys were not utilized when they were not required, and attorneys did not perform work that paralegals could perform. Class Counsel worked cooperatively and collaboratively throughout this litigation, embracing a team approach to insure efficiency.

24. During the litigation, Class Counsel devoted time, energy, and resources to the following efforts:

- Conducting background factual research and investigation regarding Plaintiffs' claims;
- Conducting substantial legal research regarding the applicable laws of the States of California, Florida, Illinois, New Jersey, Nevada and South Carolina, and the laws of various other states as to the viability of Plaintiffs' claims;
- Researching the applicable theories of law and drafting and filing the initial complaints;

6

- Preparing and filing the Consolidated Amended Complaints;

- Vigorously and successfully opposing Defendant's Motion to Dismiss the Consolidated Amended Complaint;

- Engaging in extensive discovery, including but not limited to document review, propounding and responding to written discovery; preparing for, taking, and defending depositions;

- Conferring with scientific, economic, and human factors experts;

- Preparing for and participating in mediation with Judge James Rosenbaum;

- Engaging in attenuated settlement negotiations with Defendant, including two in-person meetings, one-day mediation, and extensive telephone conferences and literally hundreds of emails with defense counsel, to develop and refine the terms of the settlement, which ultimately resulted in the execution of the Settlement Agreement;

- Further negotiations regarding the language of various settlement documents including but not limited to the Settlement Agreement, the Joint Motion for Preliminary Approval and proposed Order, the Class Notices, press releases, and various documents used by the Settlement Administrator;

- Communicating with potential Settlement Class members seeking information regarding the Settlement;

- Communicating with two individuals who filed objections with the Court;

- Together with counsel for Colgate, conferring with various States Attorneys' General to respond to and resolve questions raised regarding the terms of the Settlement;

- Preparing the Motion for Final Approval;

- Ongoing communications with the Plaintiffs regarding the status of the Action and the Settlement.

25. Although the above list is non-exhaustive and does not detail all of Class Counsel's work, the combined efforts translated into 6145.45 working hours and a total combined current lodestar of $3,188,317, and expenses of $91,946.94 (to date).

26. The work performed was necessary to advance the claims, narrow the issues and negotiate the settlement.

27. CHART OF ALL COUNSEL'S HOURS, EXPENSES AND LODESTAR

| *LAW FIRM NAME* | *HOURS* | *EXPENSES* | *LODESTAR* |
|---|---|---|---|
| | | | |
| **Bolen, Robinson &Ellis** | 112.30 | 1,340.35 | 51,245.00 |
| **Climaco, Wilcox, Peca, Tarantino & Garofoli, Co., LPA** | 718.50 | 9,843.90 | 313,965.00 |
| **David C. Rash, P.A.** | 198.05 | 2,939.05 | 70,805.00 |
| **Grant & Eisenhofer, P.A.** | 316.10 | 11,544.74 | 164,970.00 |
| **Holland Law Firm, LLC** | 1261.25 | 20,406.78 | 621,695.00 |
| **Kaplan, Fox & Kilsheimer, LLP** | 236.75 | 3,640.31 | 139,246.25 |
| **Levin, Fishbein, Sedran & Berman** | 1159.50 | 11,077.75 | 748,387.50 |
| **Neblett, Beard & Arsenault** | 555.10 | 13,637.73 | 327,128.75 |
| **Nicholas & Butler, LLP** | | | |
| **Parker Waichman, LLP** | 425.75 | 5,556.62 | 213,446.25 |
| **Shaheen & Gordon, P.A.** | 601.95 | 3,807.25 | 202,088.75 |

8

| | | | |
|---|---|---|---|
| **Shepherd, Finkelman, Miller & Shah, LLC** | 310.2 | 2,731.63 | 165,031.50 |
| **Wolf, Haldenstein, Adler, Freeman & Herz, LLP** | 250.0 | 6,004.05 | 170,308.00 |
| **TOTAL:** | 6,145.45 | 91,946.94 | 3,188,317.00 |

28. The lodestar reports time only through July 31, 2015 and does not include the hours of additional time Class Counsel will expend in furtherance of Final Settlement approval.

29. Class Counsel performed all of this work at their customary hourly rates for contingency fee work. Hourly rates ranged from $950 for the most senior partner to $65 for law clerk/paralegals.

30. To-date, class counsel incurred a total of $91,946.94 in unreimbursed costs and expenses in this litigation. These costs and expenses reflect money spent on the following activities: travel expenses; computer research; copying documents produced in the case; telephone, postage and delivery costs; making court appearances; and paying for transcripts.

31. The costs and expenses incurred by class counsel were reasonable and appropriate for litigation of this size and duration. Class counsel took steps to coordinate their work and to avoid duplicative costs.

THE SETTLEMENT

32. The Court conditionally certified the Settlement Class, preliminarily approved the Settlement Agreement, approved the Notice Plan and appointed plaintiffs Tracy Nieblas, Shari

9

Elstein, Kristina Pearson, Adam Emery and Jeff Dyke as Class Representatives of the Settlement Class, appointed Angeion Group as Notice Administrator and appointed me, together with Richard J. Arsenault, Adam J. Levitt, John R. Climaco, Charles E. Schaffer, and Eric D. Holland, as Class Counsel for purposes of determining whether the proposed settlement is fair, reasonable and adequate in its Order Granting Preliminary Approval of Class Action Settlement dated June 5, 2015, (Dkt. No. 93) ("Preliminary Approval Order").

33. The terms of the Settlement Agreement were reached after extensive negotiations and through investigation by experienced counsel on both sides and after earnest, knowledgeable, arms-length, and difficult negotiations.

34. It was only after resolving all the settlement provisions that provide relief to the class that Plaintiffs' and Defendant's counsel began negotiating payment of attorneys' fees, costs, and incentive payments. There was no collusion between the parties.

35. During the course of the Litigation, the representative Plaintiffs were invaluable to the prosecution of the Litigation. These representative Plaintiffs were actively involved throughout the process, including the initial investigation which required researching and gathering supporting documents, exemplars, and information, communicating with Plaintiff's counsel including asking questions and providing input regarding the litigation, responding to written discovery, and appearing for depositions. Before agreeing to the settlement, they played an active role in the settlement process and examined the scope and nature of the relief in the Settlement Agreement in detail, including discussing the same with counsel for Plaintiffs, which sometimes necessitated multiple discussions.

36. Pursuant to the terms of the Settlement Agreement, Plaintiffs have applied for a total award of $2,000,000 in fees, costs/expenses, and service awards. When accounting for the

cost and expenses for the Notice Administrator in the amount of $174,496, and the requested incentive awards in the amount of $2,500 for each Plaintiff (for a total of $12,500 for the five named Plaintiffs), the remaining amount is materially less than current combined lodestar of Class Counsel.

37. The proposed payment of attorneys' fees, litigation expenses and costs, and incentive awards will be paid separately from the relief afforded to ember of the class and will not, in any way, diminish the relief afforded to members of the class. Moreover, other than the named Plaintiffs, the relief afforded does not preclude any member of the Settlement Class from initiating a claim for damages.

38. To date, only one settlement class member has objected to the amount of attorneys' fees and costs set forth in the Settlement Agreement. (Dkt. No. 96)

39. To date, no one has objected to the Incentive Awards to Representative Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Concord, New Hampshire on this 3rd day of August, 2015.

/s/ Lucy J. Karl
Lucy J. Karl
NH Bar #5547
Shaheen & Gordon, P.A.
107 Storrs Street, PO Box 2703
Concord, NH 03302-2703
(603) 225-7262
lkarl@shaheengordon.com

STATE OF NEW HAMPSHIRE
COUNTY OF MERRIMACK

Sworn to and subscribed in my presence by Lucy J. Karl on this 3rd day of August, 2015.

/s/ Maureen A. Johnson
Notary Public/Justice of the Peace
My Commission Expires: August 5, 2019