# EXHIBIT 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN RE: COLGATE-PALMOLIVE SOFTSOAP ANTIBACTERIAL HAND SOAP MARKETING AND SALES PRACTICES LITIGATION (MDL No. 2320) | ) ) ) ) ) | MDL Docket No. 12-md-2320-PB<br><br>ALL ACTIONS |

## AFFIDAVIT OF ADAM J. LEVITT IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, EXPENSES, AND REPRESENTATIVE PLAINTIFFS' INCENTIVE PAYMENTS

I, Adam J. Levitt, am over the age of eighteen (18) and otherwise competent to testify to all facts and/or opinions contained in this Affidavit.

1.     I am director of the law firm Grant & Eisenhofer P.A. ("G&E" or the "Firm"). I make this Affidavit of my own personal knowledge, and if called to do so, I could testify competently to the matters stated herein. I was appointed to the Plaintiffs' Executive Committee (Dkt. No. 20) in this litigation.

2.     I am an attorney admitted to practice in the following state courts: Illinois, and New York. I have also been admitted generally in federal courts in Colorado, Illinois, Nebraska, Indiana, Texas as well as *pro hac vice* in various state and federal courts. I lead my firm's consumer class action group and have been appointed as lead counsel, co-lead counsel, and as a member of executive committees and steering committees in a variety of consumer protection, product liability, and financial litigations across the United States. My credentials include successfully prosecuting class action litigations and other types of litigation in state and federal court resulting in recoveries in excess of $1 billion. A copy of my *curriculum vitae* is attached as Exhibit A hereto.

3.     I provide this Affidavit in support of Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Representative Plaintiff's Incentive Payments. I have personal knowledge of my law firm's timekeeping, expense tracking, and other litigation-related systems.

4.      From the inception of this litigation through June 5, 2015, G&E expended 316.10 hours of work in connection with this litigation.  Based upon our customary rates in this type of litigation, the lodestar value of that time is $164,970.

5.      My firm's work on this case was performed on a wholly contingent basis pursuant to contingency fee contracts with the named Plaintiffs. G&E has not received any amounts in connection with this case either as fee income or expense reimbursement.  Additionally, all expense amounts were incurred and paid by my firm out of operating funds.

6.      Shown below is a true and correct summary identifying the attorneys who have worked on this litigation, the number of hours those individuals worked, their regular hourly billing rates and their respective lodestar values.

7.      The hourly rates shown below are the usual and customary rates charged in Chicago, Illinois and the national venues in which the firm typically handles cases for each individual doing the type of work performed on this litigation. These rates are not adjusted, notwithstanding the complexity of this litigation, the skill and tenacity of the opposition, the preclusion of other employment, the delay in payment or any other factors that could be used to justify a higher hourly compensation.  Additionally, G&E has been retained on hourly matters at these rates and I have personally been paid retainers based on these rates.

| *NAME* | | *HOURS* | *RATE* | *LODESTAR* |
|---|---|---|---|---|
| Adam J. Levitt | Director | 66.40 | $895.00 | $55,410.00 |
| Jonathan Kass | Director | 1.10 | $625.00 | $632.50 |
| Jonathan Tangren | Associate | 0.10 | $595.00 | $57.50 |
| Edmund S. Aronowitz | Associate | 218.90 | $575.00 | $102,950.00 |
| Adrienne Bauer | Paralegal | 3.00 | $200.00 | $600.00 |
| Anna M. Yusupova | Paralegal | 3.00 | $200.00 | $600.00 |

| | | | | |
|---|---|---|---|---|
| Cathy Aldinger | Paralegal | 5.20 | $200.00 | $1,040.00 |
| Sorah Kim | Paralegal | 6.90 | $200.00 | $1,380.00 |
| Audree Lebdjiri | Paralegal | 11.50 | $200.00 | $2,300.00 |
| *TOTALS:* | | **316.10** | | **$164,970.00** |

8.  These amounts were derived from contemporaneous daily time records G&E compiled on this matter, which are recorded in our computerized database. The firm requires regular and contemporaneous recording of time records, which occurred in this case.

9.  The lodestar summary reflects G&E's experience in the field, the complexity of the matters involved in this litigation, and the prevailing rate for providing such services.

10.  G&E has advanced a total of $11,544.74 in expenses reasonably and necessarily incurred in connection with the prosecution of this litigation and anticipate incurring additional expenses in guiding this litigation through final approval. G&E's expenses are broken down as follows:

| *EXPENSE CATEGORY* | *AMOUNT* |
|---|---|
| Court/Filing Fees | $128.18 |
| Travel, Meals, Hotels & Transportation | $2,101.46 |
| Deposition Court Reporter and Videographer Expenses | $3,817.50 |
| Postage/Overnight Delivery/Fax | $136.48 |
| Internal reproduction | $195.62 |
| Meeting Expenses | $50.67 |
| Computer research | $114.83 |
| Litigation Fund Contributions | $ 5,000.00 |
| *TOTAL:* | **$11,544.74** |

11.  These expenses are reflected in the books and records regularly kept and maintained by my firm.

3

12.    In my opinion, the time expended and expenses incurred in prosecuting this action were reasonable and necessary for the diligent litigation of the matter.

13.    The terms of the Settlement Agreement were reached after extensive negotiations and through investigation by experienced counsel on both sides and after earnest, knowledgeable, arm's-length, and difficult negotiations.

14.    It was only after resolving all the settlement provisions that provide relief to the class that Plaintiffs' and Defendant's counsel began negotiating payment of attorneys' fees, costs, and incentive payments.

15.    During the course of the Litigation, the representative Plaintiffs were invaluable to the prosecution of the Litigation. These representative Plaintiffs were actively involved throughout the process, including the initial investigation which required researching and gathering supporting documents, exemplars, and information, communicating with Plaintiffs' counsel including asking questions and providing input regarding the litigation, responding to written discovery, and appearing for depositions. Before agreeing to the settlement, they played an active role in the settlement process and examined the scope and nature of the relief in the Settlement Agreement in detail, including discussing the same with counsel for Plaintiffs, which sometimes necessitated multiple discussions.  But-for the Plaintiffs stepping forward and prosecuting the Litigation, the members of the class would not have had the issues raised in the Complaint remedied. For these reasons, I believe that the requested incentive awards in the sum of $2,500 per Plaintiff are fair, adequate and reasonable given each Plaintiff's substantial services on behalf of the Class.

16.    Pursuant to the Settlement Agreement, Plaintiffs have applied for a total award of $2,000,000 in fees, costs/expenses, and service awards.  When accounting for the cost and expenses for the Notice Administrator in the amount of $174,496, and the requested incentive award in the amount of $2,500 for each named Plaintiff (for a total of $12,500 for the five named Plaintiffs), the remaining amount is significantly short of the combined lodestar of Plaintiffs' Counsel, out-of-pocket expenses notwithstanding.

17.     The proposed payment of attorneys' fees, litigation expenses and costs, and service payments will be paid separately from the relief afforded to members of the class and will not, in any way, diminish the relief afforded to members of the class.  Moreover, other than the named Plaintiffs, the relief afforded does not preclude any member of the Settlement Class from initiating a claim for damages.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Adam J. Levitt

SUBSCRIBED AND SWORN TO BEFORE
ME THIS **3rd** DAY OF **August**, 2015

_____
NOTARY PUBLIC

OFFICIAL SEAL
JOHN TANGREN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/21/17

5





# Adam J. Levitt

Adam J. Levitt is a director at Grant & Eisenhofer P.A. and leads the Firm's Consumer Practice Group. He specializes in complex commercial litigation, class action, and mass tort litigation in the areas of consumer protection, antitrust, securities, technology, and agricultural law. Mr. Levitt served as co-lead counsel in two of the largest agricultural and biotechnology class actions in recent years, recovering more than $1 billion in damages for the plaintiffs: *In re Genetically Modified Rice Litigation*, in which Mr. Levitt has obtained settlements exceeding $900 million on behalf of long-grain rice producers and others who suffered losses resulting from contamination of the U.S. rice supply with unapproved, genetically modified seeds; and *In re StarLink Corn Products Liability Litigation*, where he recovered $110 million on behalf of farmers who sustained market losses on their corn crops arising from contamination of the U.S. corn supply with genetically-modified StarLink corn.

Mr. Levitt is AV rated by Martindale-Hubbell. He has been recognized in *Illinois Super Lawyers* for the past several years, acknowledged by Lawdragon as one of the leading lawyers in America, and has been named "Litigator of the Week" by *American Lawyer Magazine*.

With one of the country's leading consumer litigation practices, Mr. Levitt has successfully served as counsel in numerous class and complex litigation cases at both the state and federal courts, as well as on the trial and appellate court levels. His current cases include several notable consumer actions: *In re Honey Transshipping Litigation; In re Porsche Cars North America Inc., Plastic Coolant Tubes Product Liability Litigation*; *In re Stryker Rejuvenate and ABG II Hip Implant Litigation*; *Belville v. Ford Motor Company*; *In Re: Dial Complete Marketing and Sales Litigation*; and *In re Wesson Oil Marketing and Sales Practices Litigation*.

Mr. Levitt serves as President of the Class Action Trial Lawyers, a division of the National Trial Lawyers, of which he is an Executive Committee Member. Since 2005, Mr. Levitt has served as an elected member of the American Law Institute and a member of the American Association for Justice. Mr. Levitt sits on the Board of Advisors for the Chicago chapter of the American Constitution Society for Law and Policy. In 2013, he became an Advisory Board Member of the Institute for Consumer Antitrust Studies. Mr. Levitt is also a peer reviewer of articles submitted to AAJ's *Trial* magazine.

Mr. Levitt has authored numerous articles on class action litigation and consumer protection; his most recent publications include:

"The Ascertainability Fallacy and Its Consequences," *AAJ Class Action Litigation Newsletter*, Spring 2015;

**Title:**
Director

**Phone:**
(312) 214-0000

**Email:**
alevitt@gelaw.com

**Education:**
Northwestern University School of Law, J.D. (1993)

Columbia College, Columbia University A.B., *magna cum laude* (1990)

**Admissions:**
Illinois, New York, U.S. Supreme Court, U.S. Court of Appeals for the 1st Circuit, U.S. Court of Appeals for the 2nd Circuit, U.S. Court of Appeals for the 3rd Circuit, U.S. Court of Appeals for the 7th Circuit, U.S. Court of Appeals for the 8th Circuit, U.S. Court of Appeals for the 9th Circuit, U.S. District Court for the District of CO, U.S. District Court for the Northern District of IL, U.S. District Court for the Central District of IL, U.S. District Court for the Southern District of IL, U.S. District Court for the Northern District of IN, U.S. District Court for the District of NE, U.S. District Court for the Northern District of TX, U.S. District Court for the Eastern District of TX, U.S. District Court for the Southern District of TX

"Fees Obliterate Managed Futures Fund Profits," *Financial Advisor*, 2014;

"Supreme Court to Revisit the Fraud on the Market Presumption of Reliance in Securities Fraud Cases," *AAJ Class Action Litigation Newsletter*, Winter 2014;

"Calculating Damages in Securities Class Actions," *TRIAL*, Vol. 49, No. 6, 2013;

"The Role and Function of Corporate Representatives at Trial," *The Trial Lawyer,* Vol. II, No. IV, 2013;

"Multidistrict Litigation Practice: The Function and Shifting Focus of the JPML in Class Action and Other 'Bet the Company' Litigation," a chapter from *Straight from the Top: Case Studies in the World of Litigation,* 2012*;*

"Sticky Situations in Mass Tort Settlements*," TRIAL*, Vol. 48, No. 11, 2012;

"CAFA and Federalized Ambiguity: The Case for Discretion in the Unpredictable Class Action," 120 Yale L.J. Online 233, 2011

; "Taming the Metadata Beast," *New York Law Journal,* 2008

; "The Big Business Wish List: Proposed Illinois Supreme Court Rule 225 and the Demolition of Consumer Rights," *The Class Act*, 2005; "Foreign Investors Serving as Lead Plaintiffs in U.S.-Based Securities Cases," *Association of Trial Lawyers of America*, 2005; "Proposed Rule 225: A Death Warrant for Class Actions in Illinois," *Illinois Bar Journal*, 2005; "An Illinois Lawyer's Guide to Service of Process in Mexico," *Illinois Bar Journal*, 1994.

In addition to his writings, Mr. Levitt is a frequent speaker on topics of consumer protection, multi-district litigation, biotechnology, corporate governance, securities litigation, and Internet privacy. Mr. Levitt has also testified before the Illinois Supreme Court Rules Committee on class action practice and related issues. In addition to chairing Law Seminars International's "Litigating Class Actions" annual conference in Chicago, Mr. Levitt's recent speaking engagements include:

"Rage Against the Machine: Breaking Down the Best-Schooled Corporate Executives at Deposition and Trial," Trial Lawyers Summit, 2015;

"Criteria Approving Class Action Settlements," The Duke Law Center for Judicial Studies -- Class Action Settlement Conference, 2015;

"Consumer Litigation Roundtable: Judicial Perspectives on the Management of Class Action Cases," Perrin Class Action Litigation Conference -- Chicago 2015 (Conference Co-Chair);

"Challenges to Ascertainability, "Fail-Safe" Classes, Standing, and Class Member Injury," CBA Class Action Conference: Challenges to Class Membership, 2015;

"Litigation Background and Update: In re Syngenta AG MIR 162 Corn Litigation," Syngenta GMO Corn Webinar, 2015;

"Commentator -- Writing Better Jury Instructions: Antitrust as an Example," 15th Annual Loyola Antitrust Colloquium, 2015;

"Lessons Learned: Trial, Discovery, and the Business of Practicing Law," Trial Lawyers Summit, 2014;

"Lessons on Motions to Dismiss From Other Car Defect Cases," HarrisMartin's MDL Conference: General Motors Ignition Switch Recall Litigation, 2014;

"The Process that Works" -- "Class Action Mediation LIVE!, 18th Annual National Institute on Class Actions, 2014;

"Making Your Parents Proud: Crafting a Meaningful Settlement," AAJ-NACA Consumer Warranty Class Action Litigation Seminar, 2014;

"Litigating the Class Action: In re General Motors Ignition Switch Litigation," AAJ Education's Plaintiff-Only Hot Topics and Trends in Litigation Seminar: GM Auto Recall, 2014;

"Corporate Governance, Arbitration By-Laws, and Foreign Securities Litigation," IPPFA Midwest Pension Conference, 2014;

"Fighting the Class Action Battle: What Every Lawyer Needs to Know About Filing the Class Certification Motion," Trial Lawyers Summit, 2013;

"Consumer Class Actions in a Post-Concepcion World," The Shifting Landscape of Class Litigation, 2013;

"Recent Developments in the Supreme Court, Seventh Circuit and Northern District of Illinois," Litigating Class Actions, 2013;

"Current Trends in Consumer Litigation," Grant & Eisenhofer Consumer Litigation Breakfast Briefing, 2013;

"Supreme Court Review," Global Shareholder Activism Conference, 2013;

"Using Litigation to Enforce and Protect Food Labeling and Crop Standards," Animals as Food: The Legal Treatment of Animals in Contemporary Agribusiness and Factory Farming, 2013;

"Access to Justice after Iqbal and Twombly," American Constitution Society Georgia Lawyer Chapter, 2013;

"Disaster Averted, Mass Tort Resolved - Settling Mass Tort Disaster Cases," American Bar Association, Section of Litigation Annual Conference, 2013;

"Recent Developments in Class Action Settlement Jurisprudence," American Association for Justice, 2013 Annual Convention;

"The JPML's 1404/1407 Shift and the End of Reflexive Transfer," Aggregate Litigation After Class Actions Conference of Law Seminars International, 2013;

"Deposing the Corporate Machine: How to Win Against the Best-Schooled Corporate Executive," Trial Skills Retreat: Empowering Witnesses Conference by 360 Advocacy Institute, 2013;

"Manifestation of Defect That Causes Actual Injury in Economic Defect Related Class Actions," 2013 National Consumer Class Action Litigation & Management Conference;

"Trial Lawyers and Class Actions: Protecting Consumers and Elevating Your Practice," Trial Lawyers Summit, 2012;

"Lead Plaintiff 'Pickoffs', Offers of Judgment, Moving to Dismiss Class Allegations, and Other Early Attacks on the Class Process," Litigating Class Actions Conference of Law Seminars International, 2012;

"MERS Litigation: Justice for Illinois Counties," Illinois Association of County Clerks & Recorders Annual Conference, 2012;

"Class Actions in Medical Device and Pharmaceutical Litigation," HarrisMartin TVM/Actos Litigation Conference, 2012;

"The Evolution of the Class Action Notice," Class Actions -- Plaintiff & Defense Perspectives, 2012;

"Removal, Remand, and Claims Asserted -- Strategic Considerations in MERS Litigation," American Association for Justice, Mortgage Electronic Registration System (MERS) Teleseminar, 2012;

"Thinking About Trial from Day One," American Association for Justice, 2012 Annual Convention;

"Litigation at Sunrise -- The Basics of the MERS System," American Association for Justice, 2012 Annual Convention;

"Class Action Litigation and Victim Services," 38th NOVA Conference, 2012;

"Modifying Your Approach for Multi-State Class Actions," Litigating Class Actions (Seattle), 2011;

"Multi-State Litigation in the Post-CAFA World," Litigating Class Actions (Chicago), 2011;

"Imprelis Herbicide Litigation Spotlight," HB Litigation Conferences, 2011;

"Ethical Implications of Class Action and Mass Tort Settlements," American Association for Justice, Summer Conference, 2011;

"Current Developments in Consumer Protection Litigation," 11th Annual Class Action/Mass Tort Symposium, 2011;

"Privacy Litigation: The Evolution in Theories and Outcomes," International Association of Privacy Professionals "Privacy Academy," 2009;

"Securities Litigation Update," 2008 Class Action Institute;

"Legal Strategies to Fight Negative Effects of Genetic Engineering," Public Interest Environmental Law Conference 2007;

"Corporate Governance Developments," Financial Management Association -- 2005 Conference.


Mr. Levitt graduated *magna cum laude* from Columbia University in 1990 and received his J.D. from Northwestern University School of Law in 1993.