Tyler Cool
8426 Foothills Highway
Boulder, CO 80302
409-931-0472
August 4, 2015

U.S. DISTRICT COURT
DISTRICT OF N.H
FILED

2015 AUG -7 A 11: 51

Objections – Soft Soap Notice
Administrator
Angeion Group
Attn: Soft Soap Objections
1801 Market Street, Suite 660 Philadelphia, PA 19103

Lead Class Counsel
Lucy J. Karl
NH Bar No. 5547
SHAHEEN & GORDON, P.A.
P.O. Box 2703
Concord, New Hampshire 03302-2703
Telephone: (603) 225-7262
Facsimile: (603) 225-5112
lkarl@shaheengordon.com

Court
Office of the Clerk
United States District Court for the District of New Hampshire
55 Pleasant Street Room 110
Concord, NH 03301

Defendants' Counsel
Shon Morgan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017

Objection to the Settlement in In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Marketing and Sales Practices Litigation, Case No. 1:12-md-02320-PB

The settlement has no value to either the Class or the general public and the Settlement is not reasonable in relation to the Class' legitimate claims. First, Defendant no longer uses tricsolan and it is prohibited by the FDA, therefore the injunctive relief is worthless. Second, the relief has no dollar value. Third, the injunctive relief results in a zero cost to Defendant. Fourth, the injunctive relief

merely restates the obligation that the defendant already has under existing FDA regulations. The FDA determined that it did not have evidence that triclosan in antibacterial soaps and body washes provides any benefit over washing with regular soap and water. In 2013, the FDA decided to block sales of hand soaps containing triclosan unless manufacturers are able to prove that products containing the compound are more effective than traditional soap and safe for long-term use. Fifth, there are viable damage claims that class counsel has not pursued, specifically Defendant's unjust enrichment. Sixth, in light of these facts, the Settlement can only be seen as an attempt for Defendant to cut its losses with a de minimis settlement, and a tactical move on Class Counsel's part to avoid more stringent certification requirements and opt-out rights associated with a damages class under Rule 23(b)(3).

Plaintiffs originally sought money damages; however, the settlement provides no monetary relief for the Class. Worse, the injunctive sought under this settlement expires in five years. Plaintiffs have maintained all along that "(b)y falsely claiming that Softsoap Antibacterial is more effective than conventional liquid hand soap, and by disseminating these false claims to consumers nationwide through television commercials, Internet websites, print advertisements, Product packaging, and through other forms of promotional media, Defendant intended to induce – and did induce –unsuspecting consumers to purchase triclosan-containing Softsoap Antibacterial or to pay more for Softsoap Antibacterial than they otherwise would have, resulting in millions of dollars of revenue for Defendant. Further, as provided in Plaintiff's claims for unjust enrichment, "it would be against equity and good conscious to permit Colgate to retain the ill-gotten benefits that it received from the Unjust Enrichment Plaintiffs and the other members of the Unjust Enrichment States Class in light of the fact that the Softsoap Antibacterial products purchased by the Unjust Enrichment Plaintiffs and the other members of the Unjust Enrichment States Class were not as Colgate purports them to be, as set forth more fully above." Finally, "(i)t would thus be unjust or inequitable for Colgate to retain the benefit without restitution or disgorgement of monies paid to Colgate for Softsoap Antibacterial products, or such other appropriate equitable remedy as appropriate, to the Unjust Enrichment Plaintiffs and the other members of the Unjust Enrichment States Class." It is axiomatic that Class Counsel must investigate its claims before agreeing to release them (or give them up all together). What discovery did the parties exchange relating to Defendant's ill-gotten profits? Triclosan soap is no different than regular hand soap. Despite this fact, Defendant received premium in price from the public. Because the settlement does not disgorge Defendant of its ill-gotten profits, the settlement is inadequate. At a minimum, this settlement should have resulted in a discount across all of Defendant's SoftSoap products that

previously contained triclosan.

*The settlement fails to create any benefit for the Class or the general public.* Triclosan has significant health implications: According to the FDA, animal studies have shown that triclosan alters hormone regulation. Other studies in bacteria have raised the possibility that triclosan contributes to making bacteria resistant to antibiotics. Newly released documents suggest that the chemical triclosan has been linked to cancer-cell growth and disrupted development in animals (http://www.bloomberg.com/news/articles/2014-08-11/in-35-pages-buried-at-fda-worries- over-colgate-s-total). Despite this Settlement, the health risks associated with triclosan remain and Class Members are forced to file another class action seeking monetary relief.

The Court should deny the Settlement Agreement as unreasonable, unfair, and inadequate.

The Settlement is unfair because it gives preferential treatment to the named plaintiffs while only perfunctory relief to unnamed class members. Plaintiffs have a fiduciary duty to the Class. Here, Plaintiffs abdicated that duty and gave up their claims for monetary relief, without reason. Despite this fact, Plaintiffs obtain more for themselves by settlement than they do for the Class. Though the Class receives $0.00, Plaintiffs request $2,500 per named representative. Such a disparity, demonstrates that the settlement is unfair to the class. There is no evidence to suggest that the named representatives should receive more than the average Class Member. Worse, the Notice does not provide incentive payment amount, which is gravely misleading to the Class. As a result, the incentive awards and the settlement is unfair, unreasonable, and inadequate.

*Class Counsel's fee request is unreasonable in light of the deficiencies above.* Class Counsel has failed to justify its fee request and the Court should reject any fee award. Class Counsel has failed to place a monetary value on the injunctive relief that will provide any real benefits to the Class and the public moving forward. The Class cannot evaluate settlement fairness without have some reasonable basis for both the injunctive relief and Class Counsel's fee request. Even if counsel established a monetary value for the injunctive relief, because the settlement provides injunctive relief alone, Class Counsel's fee award should be limited to a non-monetary payment.

_____
Tyler Cool