**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| In Re: Colgate-Palmolive Softsoap Antibacterial Hand Soap Marketing and Sales Practices Litigation (MDL No. 2320) | ) ) ) ) | MDL Docket No. 1:12-md-02320 ALL CASES |

**DEFENDANT COLGATE-PALMOLIVE COMPANY'S JOINDER IN SUPPORT OF PLAINTIFFS' RESPONSES TO OBJECTIONS**

Defendant Colgate-Palmolive Company ("Colgate") joins in Plaintiffs' Responses to Objections to Class Action Settlement filed on September 16, 2015 (Dkt. 103) ("Plaintiffs' Response"), except as to Plaintiffs' fee request arguments, detailed in Section III. Defendant does not oppose or object to Plaintiffs' fee request arguments. Defendant provides further support for two points in Plaintiffs' Response: (i) the Court should consider the motive and intent of the attorney objector; and (ii) the settlement is appropriately limited to injunctive relief.

## I. THE COURT SHOULD CONSIDER THE MOTIVE AND INTENT OF THE ATTORNEY OBJECTOR

One of the only four objectors is an attorney, Anna St. John of the Center for Class Action Fairness, a law firm founded by frequent class action objector Theodore H. Frank (Dkt. 100). Although objectors can provide genuine assistance by identifying problems in a proposed settlement, courts also recognize "serial" or "professional" objectors often file objections to advance their own ideological agenda. Accordingly, "when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *Dennis v. Kellogg Co.*, No. 09-cv-1786, 2013 WL 6055326, at *4 (S.D. Cal. Nov. 14, 2013), *appeal dismissed* (May 15, 2014) (quoting *In re Law Office of Jonathan E. Fortman, LLC*, No. 4:13MC00042, 2013 WL 414476, at *5 (E.D. Mo. Feb. 1, 2013)). Rather

than object based on substantive case law and in the interests of the class, Attorney-Objector St. John seeks here to advance an ideological agenda that is openly hostile to class actions and class action settlements generally. As detailed in Plaintiffs' Response, St. John's law firm, the Center for Class Action Fairness, has a history of making such objections. The Court should therefore give this objection little weight.

## II. THE SETTLEMENT IS APPROPRIATELY LIMITED TO INJUNCTIVE RELIEF

The Preliminary Approval Order conditionally certified a class under Rule 23(b)(2) for injunctive relief only (Dkt. 93), as the Settlement Agreement provides (Dkt. 92-2, ¶ 17-20). There are multiple reasons an injunctive relief class is the prudent and correct course for this settlement.

*First*, the individual nature of damages has become an increasingly dispositive issue in class certification decisions since *Comcast v. Behrend*, 133 S. Ct. 1426 (2013), in which the Supreme Court mandated a "rigorous analysis" of damages and reversed a decision granting certification because the plaintiff failed to present a coherent classwide theory of damages. *Id.* at 1433. Courts regularly deny certification on this basis. *See, e.g., Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 698 (S.D. Fla. 2014) (deeming predominance requirement articulated by *Comcast* not met where plaintiff had presented "no hard-and-fast evidence that the [alleged price premium] is capable of measurement"); *Jones v. ConAgra Foods, Inc.*, No. 12-cv-01633, 2014 WL 2702726, at *20, *24 (N.D. Cal. June 13, 2014) (denying certification in food labeling case after *Comcast* analysis concluded plaintiffs' damages models did not show harm stemmed from the defendant's allegedly misleading labeling); *In re POM Wonderful LLC*, No. 10-md-02199, 2014 WL 1225184, at *1-5 (C.D. Cal. Mar. 25, 2014) (decertifying class of juice purchasers because plaintiffs' damages model did not show they had made purchases because of defendant's

alleged misrepresentations); *Phillips v. Philip Morris Companies Inc.*, 298 F.R.D. 355, 368 & n.20 (N.D. Ohio 2014) (denying certification of cigarette purchaser class because "individual issues as to liability, proximate cause, and injury abound" and "smokers who purchased light cigarettes for reasons other than [the representations], received exactly what they believed they were purchasing").

Accordingly, certifying a 23(b)(3) class would require a showing that individual issues do not predominate when determining damages for each class member. Here, such individualized inquiries would necessarily include, among others, questions of which allegedly misleading marketing statements each consumer saw (e.g., "Goodbye Germs, Hello World," "Eliminates 99% of germs," "America's most trusted hand soap," or "dermatologist tested"), when they saw them, whether and to what extent they relied on them in making their purchase, and what price they paid. Plaintiffs had not provided a methodology or formula for establishing causation and injury on a class-wide basis. Additionally, contrary to Mr. Cool's assertion that "Defendant received premium in price from the public" for the sale of Softsoap Antibacterial, (Objection of Tyler Cool at p. 2), Softsoap Antibacterial was always priced at par or less than other Softsoap handsoaps. Thus, Defendant had strong defenses that consumers received an equally efficacious handsoap for the same price they paid for Softsoap Antibacterial, and that no damages claim existed at all. Even assuming plaintiffs could prove some *de minimis* diminished value in the product, administrating a claims procedure to refund some portion of purchases for a $3 product would be cost prohibitive and result in few claims.

*Second*, efforts at class certification for monetary relief are increasingly vulnerable to challenges based on a lack of ascertainability, particularly with respect to claims such as these involving largely undocumented purchases of low-cost consumables. The focus on

ascertainability has grown since the Third Circuit held in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013), that a class is not ascertainable where class membership cannot be determined from sales records or receipts. Following *Carrera*, courts have rejected certification where, as here, no records exist of class membership. *See, e.g.*, *Karhu v. Vital Pharm., Inc.*, No. 14-11648, 2015 WL 3560722 (11th Cir. June 9, 2015) (affirming denial of certification of class alleging false advertising of low-price dietary supplements because plaintiffs could not satisfy ascertainability requirement); *Langendorf v. Skinnygirl Cocktails, LLC*, 306 F.R.D. 574 (N.D. Ill. 2014) (denying certification because plaintiff did not offer any method to ascertain purchasers of an allegedly falsely-marketed consumer beverage); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444 (S.D. Cal. 2014) (denying certification of class of purchasers of make-up because, among other reasons, it was not administratively feasible to determine who was in the class); *In re POM Wonderful LLC*, 2014 WL 1225184, at *6 (C.D. Cal. Mar. 25, 2014) (decertifying a class challenging the claims made on a juice bottle, concluding that because "[f]ew, if any, consumers are likely to have retained receipts during the class period …. [t]his case [] falls well toward the unascertainable end of the spectrum."); *Sethavanish v. ZonePerfect Nutrition Co.*, No. 12-cv-2907, 2014 WL 580696 (N.D. Cal. Feb. 13, 2014) (denying certification where there was no accurate way to determine who had purchased nutrition bars).

None of the named plaintiffs in this case kept receipts of their Softsoap purchases, and Objector St. Jean herself notes that "I typically do not save receipts for groceries or household consumables." (St. John Declaration ¶ 4) (Dkt. 100-1). This is not surprising given the relatively small dollar value of a bottle of hand soap. Thus, ascertainability would present a tremendous challenge to class certification under rule 23(b)(3). *See Shelton v. Bledsoe*, 775 F.3d 554, 563 (3d Cir. 2015) ("ascertainability is not a requirement for certification of a (b)(2) class

seeking only injunctive and declaratory relief"); *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) (holding that, because "notice to the members of a (b)(2) class is not required . . . the actual membership of the class need not . . . be precisely delimited").

*Finally*, approval of injunctive relief-only classes is commonly granted where, as here, class members are not releasing damages claims and certification would be otherwise difficult or impossible. *E.g., Claridge v. Rockyou, Inc.*, No. 09-cv-6032, Dkt. 55, at 5-6 (N.D. Cal. Dec. 15, 2011) (releasing non-monetary claims), Dkt. 58 (Mar. 28, 2012) (final approval order); *Red v. Unilever United States, Inc.*, No. 10-cv-387, Dkt. 153 (N.D. Cal. June 6, 2011) (releasing claims other than those for bodily injury), Dkt. 163 (June 21, 2011) (final approval order); *Hohman v. Matrixx Initiatives, Inc.*, No. 09-cv-3693, Dkt. 81 at 4-5 (N.D. Ill. May 26, 2011) (same), Dkt. 85 (June 7, 2011) (final approval order). This is particularly true in recent cases alleging misrepresentations to consumers. *See, e.g., Lilly v. Jamba Juice Co.*, No. 13-cv-02998, 2015 WL 1248027, at *9 (N.D. Cal. Mar. 18, 2015) (granting preliminary approval of injunctive relief-only class action relating to labeling of consumer smoothie-making kit after deeming damages claims not suitable for certification); *Lilly v. Jamba Juice Co.*, No. 13-cv-02998, Dkt. 75, at 6-7 (N.D. Cal. May 4, 2015) (final approval order); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 976 (S.D. Cal. 2014) (entering final approval of an injunctive-relief-only settlement relating to tea labeling where monetary damages had initially been sought).

In conclusion, the Class's bargain is a good one – in exchange for a weak claim, they get their preferred outcome and a guarantee that Colgate will not reinitiate the allegedly problematic marketing campaign. Courts consider plaintiffs' prospects in continuing to pursue a case when evaluating the fairness of a class action settlement, *In re Compact Disc Minimum Advertised*

*Price Antitrust Litig.*, 216 F.R.D. 197, 212 (D. Me. 2003), and in this instance, Plaintiffs would have a very difficult time achieving more than they have through the settlement at trial.

Dated: September 21, 2015

Respectfully submitted,

/s/ Shon Morgan
Shon Morgan
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
shonmorgan@quinnemanuel.com

/s/ Michele E. Kenney
Michele E. Kenney
NH Bar No. 19333
**Pierce Atwood LLP**
One New Hampshire Avenue, Suite 350
Portsmouth, New Hampshire 03801
Telephone: (603) 433-6300
Facsimile: (603) 433-6372
mkenney@pierceatwood.com

***Attorneys for Defendant Colgate-Palmolive Company***

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on September 21, 2015, she caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: September 21, 2015.

By: /s/ Michele E. Kenney
Michele E. Kenney
NH Bar #19333